UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Reese C. Dehen,

    Plaintiff,

v.

The Ohio State University,

    Defendant.

Case No. 2:23-cv-517

Judge Michael H. Watson

Magistrate Judge Jolson

### OPINION AND ORDER

Reese Dehen ("Plaintiff") sues The Ohio State University ("OSU") under various Ohio laws for events generally arising out of her non-receipt of a merit scholarship to attend OSU as an undergraduate student-athlete. *See generally*, Compl., ECF No. 1-1. This Opinion and Order addresses two pending motions: (1) Plaintiff's motion to proceed in forma pauperis; and (2) Plaintiff's motion for recusal.

**I.    In Forma Pauperis**

Plaintiff moves for leave to proceed in forma pauperis. ECF No. 1. Magistrate Judge Jolson issued a Report and Recommendation ("R&R") on February 14, 2023, recommending that Plaintiff's motion be denied. ECF No. 3. The R&R notified Plaintiff of her right to object to the recommendations contained therein, and that a failure to timely object would amount to a waiver of the right to *de novo* review by the Court as well as a right to appeal the Court's adoption of the R&R. *Id.* at 3.

The deadline for filing such objections has passed, and no objections were filed. Moreover, Plaintiff paid the filing fee on March 13, 2023. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 1, is **DENIED AS MOOT**.

II.  **Recusal**

Plaintiff also moves for the Undersigned to recuse himself from Plaintiff's case due to his affiliations with OSU. ECF No. 6. In a prior case involving OSU as a defendant, the plaintiffs moved for the Undersigned's recusal for three reasons: (1) the Undersigned teaches a trial practice class at the Ohio State University Moritz College of Law ("Moritz"); (2) the Undersigned's wife owns a store (the "Store") which has a licensing agreement with OSU; and (3) the Undersigned participates in the annual Buckeye Cruise for Cancer, which benefits the Ohio State University Comprehensive Cancer Center (the "Cancer Center"). *See Garrett v. Ohio State Univ.*, 60 F.4th 359, 368–70 (6th Cir. 2023). In *Garrett*, the Undersigned denied the plaintiffs' recusal motions, and the Sixth Circuit affirmed the decision. *Id.* at 372. However, the Sixth Circuit advised that the Undersigned should have disclosed the store's licensing agreement at the outset of litigation. *Id.* at 371. Accordingly, in this case, the Undersigned disclosed all of the above connections to Plaintiff. ECF No. 4. In response to this disclosure, Plaintiff moved for the Undersigned's recusal. ECF No. 6. Plaintiff further moved for an extension of time to file her recusal motion. ECF No. 5. Because Plaintiff's recusal motion was timely filed, the motion for an

extension of time, ECF No. 5, is **DENIED AS MOOT**. Plaintiff's motion for recusal, ECF No. 6, is likewise **DENIED**.

First, Plaintiff argues that the Undersigned should recuse because the Undersigned did not make clear in his disclosure whether his teaching position at Moritz is paid or unpaid; whether undergraduate students may take classes at Moritz; or whether the Undersigned ever discusses scholarships with students. Mot. 3, ECF No. 6. Further, Plaintiff argues that, should she seek class certification in this case, it is possible some of the Undersigned's students at Moritz could be included in that class. *Id.* at 5.

Second, Plaintiff argues that the Undersigned should recuse because the officials at OSU possibly discussed the merit-scholarship at the center of this controversy with faculty members at OSU, including the Undersigned. *Id.* at 6. Plaintiff also seems to suggest that the Undersigned may have some inside knowledge as to the recruitment and scholarship evaluation processes at OSU. *Id*. at 8. Furthermore, she argues that she is already the "underdog" in this case because she is an out-of-state student at OSU, OSU is a well-renowned state instrumentality, and the Undersigned's connection to OSU, at the very least, leads to the appearance that the scales are further stacked against her in this case. *Id*. at 5–6.

Third, Plaintiff argues that the Undersigned should recuse because the Undersigned's wife's store, due to having a licensing agreement with OSU, must engage in a regular renewal process or negotiations with OSU. Mot. 4, ECF No.

6. Further, Plaintiff argues she does not know the extent of the store's relationship to OSU's fundraising, boosterism, or athletic programs, and each program is at-issue in this case because each of those programs indirectly affects scholarship decisions. *Id.*

Finally, Plaintiff argues that she may need to call members of OSU's Board of Trustees or OSU's President as witnesses in this case. *Id.* 4–5, 8. She believes that the Undersigned commented during a status conference in *Garrett* that OSU's President was "a man of his word," and she is worried that the Undersigned has already made a credibility determination as to potential witnesses. *Id.*

A judge's recusal is governed by 28 U.S.C. § 455 and the Code of Conduct for United States Judges ("the Code"). 28 U.S.C. § 455(a) requires a judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023).

28 U.S.C. § 455(b)(4) and the Code mandate a judge's recusal any time "[h]e knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by an outcome of the proceeding." *See also* Canon 3(C)(1)(c).

"Recusal is not mandatory in other situations involving spousal business relationships that are less direct or consequential." Guide to Judiciary Policy, Vol. 2, Ch. 2, Advisory Opinion No. 107. Rather, judges in those situations will

consider "a number of facts and circumstances that must be evaluated on a case-by-case basis to determine, in accordance with Canon 3(C)(1), whether 'the judge's impartiality might reasonably be questioned.'" *Id.* This is because, wholly apart from instances in which recusal is mandatory due to financial instance, a judge should recuse from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Canon 3(C)(1).

That standard "is not based on the subjective view of a party, and rather imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (internal quotation marks and citations omitted). The moving party bears the burden of justifying disqualification. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). Furthermore, "[s]ection 455 does not require the judge to accept as true the allegations made by the party seeking recusal." *Garrett*, 60 F.4th at 368 (internal quotation marks and citation omitted).

After consideration, the Undersigned concludes that none of Plaintiff's arguments are grounds for recusal. In essence, Plaintiff simply attempts to re-litigate grounds for recusal already decided and affirmed on appeal in *Garrett* by raising additional speculations about what the Undersigned may think or may know. Plaintiff attempts to distinguish *Garrett* by arguing that (1) there is a chance, in this case, that the Undersigned has knowledge regarding

scholarships, fundraising, and boosting; (2) there is a chance, in this case, that some of the Undersigned's current or former students could be potential class members; and (3) there is a chance that the Undersigned has already made a credibility determination regarding a potential witness, namely OSU's President; and (4) her recusal motion was brought earlier than the motion in *Garrett*. Mot. 8–9, ECF No. 6.

Plaintiff's first three attempts to distinguish *Garrett* fail because they rely purely on speculation about what may happen in this case or what the Undersigned may know or think. As the Sixth Circuit as stated on multiple occasions, "disqualification is not required on the basis of such remote, contingent, indirect, or speculative [arguments]." *Scott v. Metro. Health Grp.*, 234 F. App'x 341, 357 (6th Cir. 2007); *see also Garrett*, 60 F.4th at 369. Moreover, at no point did the Undersigned ever comment that OSU's President was a "man of his word." *See* Tr. 4:20–21, ECF No. 52, Case No. 2:18-cv-692. Indeed, the Undersigned referenced only the then-chairman of OSU's Board of Trustees, Mike Gasser. *Id.* Mr. Gasser no longer serves on OSU's Board of Trustees in any capacity.

In any event, the Undersigned states for Plaintiff's comfort that he does not have any knowledge regarding any OSU scholarships, does not discuss scholarships with students, and does not have any knowledge relative to the facts surrounding Plaintiff's particular scholarship application process. Additionally, Plaintiff's concerns regarding any potential relationship between the

Store and OSU's scholarship funds is patently meritless, as is her concern that the Court has made a credibility determination concerning a potential witness in her case.

Further, the timing of the motion does not change the analysis. All of Plaintiff's arguments for recusal are meritless whether they are asserted now or asserted well into litigation. Regardless of timing, the Undersigned has a "duty to sit where disqualification is not required." *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (internal quotation marks and citations omitted).

The Undersigned's impartiality cannot reasonably be questioned, and the Undersigned will adhere to his duty to sit where his disqualification is not required. Accordingly, Plaintiff's motion for recusal is **DENIED**.

To summarize: Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 1, is **DENIED AS MOOT**. The R&R, ECF No. 3, is terminated as moot. Plaintiff's motion for an extension of time, ECF No. 5, is **DENIED AS MOOT**. Plaintiff's motion for recusal, ECF No. 6, is **DENIED**. The Clerk shall terminate each of these motions.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**